MARIA C. HARTMAN *vs.* GEORGE W. MAY, SALLIE A. SMITH, (*nee* MAY) ZAIDEE T. MAY, ROLAND R. MAY and FRANK J. MAY.

*Capias  ad  Respondendum—Petition  to  Discharge  Defendant—Common  Bail—Libel—Suit  Pending  in  Another  Court; Interfering  Therewith—Public  Policy—Practice.*

When  a  defendant  in  an  action  for  libel  has  been  arrested  under  a  writ  of *Capias  ad  Respondendum*,  and  the  words  alleged  as  libelous  were  used  in  the pleadings  in  a  suit  still  pending  in  another  Court  of  this  State,  said  defendant  will be  discharged  on  common  bail.   For  this  Court  to  dispose  of  the  question  here,  as  to whether  such  words  were  libelous  or  not  libelous,  would  be  interfering  with  the  due administration  of  justice  in  another  Court,  and  this  cannot  be  permitted  on  grounds of  public  policy.

(*May 23, 1900.*)

Judges GRUBB, PENNEWILL and BOYCE, sitting.

*Artemas Smith* and *Martin E. Smith* for plaintiff.

*William S. Hilles* for defendants.

Superior Court, New Castle County, May Term, 1900.

CAPS. CASE. The plaintiff, on May 22, 1900, filed in the Superior Court an affidavit in the above stated action on the case for libel, alleging that the "defendants above mentioned, did on the sixth day of March, A. D. 1900, file an answer in the case of Margaretta M. May vs. Geo. W. May, *et. al.*, in the Chancery Court of the State of Delaware, in and for New Castle County, wherein it was in substance charged that the plaintiff in said suit was fully cognizant and in all points satisfied with the disposition and settlement of the estate of the parties therein mentioned; that the defendants above named, falsely, wickedly and maliciously did publish of and concerning the said plaintiff a certain false, scandalous, malicious and defamatory libel, in the following language:

"That without any objection whatever or any question, matters remained upon this basis until the death of the said George S. May, and some considerable time thereafter, namely, to within a short time before the filing of the bill of complaint, when the said complainant, acting under the malicious advice and counsel of the said Samuel D. Forbes and Maria C. Hartman, began her course of opposition to these defendants, assisted by the said Forbes and Hartman; that the said Samuel D. Forbes is a debtor to some of these defendants, has refused and still refuses to discharge his honest obligations, and is using the said complainant for that purpose; that the said Maria Hartman is, in some way unknown to these defendants, connected with the said Samuel D. Forbes, lives in the same house with him, conducts in a large measure his business affairs, and is a prominent factor in the evil dealings and counsels of the said Samuel D. Forbes."

"Whereby the deponent says she is injured in her good name, fame and credit, and brought into public scandal, infamy and disgrace among her neighbors and other good and worthy citizens of this State and elsewhere, whereby the said plaintiff is damaged."

On May 23d two of the defendants, viz., George W. May and Frank J. May, filed a petition in the Superior Court alleging that by virtue of a writ of *capias ad respondendum* issued thereout in said action for libel they had been taken in custody of the sheriff of New Castle County, in which custody they then were; that the alleged libelous matter contained in the affidavit, upon which the *capias* in the above case was issued, was not in fact libelous; and annexed to their petition a copy of the answer filed by them in the proceedings in the Court of Chancery from which answer the extract in the said affidavit was taken, and prayed that they might be discharged upon giving common bail in the above case and entering their appearance upon the process therein.

After hearing argument, Grubb, J., delivered the opinion of the Court as follows:

The Court are of the opinion that these defendants, George W. May and Frank J. May, in the suit of Maria C. Hartman against them in this Court for libel, should be discharged on common bail; on the ground that the matter alleged as libelous in that suit was employed in the course of the pleadings in the suit now pending in the Court of Chancery of this State, and that for this Court, whilst it is pending there, to dispose of the question here, as to whether it is libelous or not libelous, would be interfering with the due administration of justice in the Court of Chancery, and this cannot be permitted by us on grounds of public policy.

We therefore order that the two defendants named be discharged on common bail.